☑ FILED      ___ ENTERED
___ LOGGED   ___ RECEIVED

11:41 am, Apr 09 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 1:21-mj-1065 TMD |
| JOSE PORTILLO-SARAVIA a/k/a "HEIDI PORTILLO," | * | |
| Defendant | * | |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Paulysha Spratley, Deportation Officer with the Department of Homeland Security's Immigration and Customs Enforcement (ICE), being first duly sworn, hereby depose and state as follows:

1.   I have been employed as a Deportation Officer since June 2018. In that capacity, I investigate civil and criminal offenses pertaining to United States immigration law. I am a 2018 graduate of the U.S. Immigration and Customs Enforcement Academy, Basic Immigration Enforcement Training Program. I am currently assigned to the Enforcement and Removal Operations (ERO) Criminal Prosecutions Unit in the Baltimore Field Office. I regularly participate in trainings related to immigration law and enforcement and have completed numerous immigration investigations regarding Reentry After Removal.

2.   The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, documents, and witnesses. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

1

3. Based on my training and experience, and the facts set forth in this affidavit, there is probable cause to believe that **JOSE PORTILLO-SARAVIA** violated 8 U.S.C. § 1326(a), (Reentry of Removed Alien).

## **PROBABLE CAUSE**

4. **PORTILLO-SARAVIA** is a citizen of El Salvador who most recently re-entered the United States without inspection at an unknown place sometime after April 28, 2015. Based on review of **PORTILLO-SARAVIA**'s A-file, your Affiant was able to conclude that the events described below all involved **PORTILLO-SARAVIA**'s contact with law enforcement based upon AFIS (automated fingerprint identification), photographs (where available) that appeared to match, as well as information provided by **PORTILLO-SARAVIA**, including personal identifying information (name, date of birth, height, weight, and background information), all of which was consistent and identified **PORTILLO-SARAVIA** as the individual encountered by law enforcement in each case.

5. On or about October 12, 2005, **PORTILLO-SARAVIA** was first encountered by U.S. Border Patrol agents shortly after wading across the Rio Grande River. Because there was no camp space available at the time, **PORTILLO-SARAVIA** was served with a Notice to Appear before an Immigration Judge on March 16, 2006, in Harlingen, Texas, which he signed and acknowledged. When **PORTILLO-SARAVIA** failed to appear at the scheduled hearing, an Immigration Judge issued **PORTILLO-SARAVIA** a Final Order of Removal to El Salvador in absentia. On some unknown date before July 2011, **PORTILLO-SARAVIA** self-removed from the United States.

6. On or about July 19, 2011, **PORTILLO-SARAVIA** was found in Eagle Pass, Texas after he illegally reentered into the United States. On or about June 22, 2011 **PORTILLO-**

**SARAVIA** was found guilty in the Western District of Texas of 8 U.S.C. § 1325 for illegally entering the United States and sentenced to 30 days' imprisonment.

7. On or about October 24, 2011, **PORTILLO-SARAVIA** was removed from the United States to El Salvador. On some date on or before June 6, 2012, **PORTILLO-SARAVIA** knowingly illegally reentered the United States again.

8. On June 6, 2012, **PORTILLO-SARAVIA** was found near Encino, Texas, approximately 30 miles north of the Mexican border. On June 14, 2012 **PORTILLO-SARAVIA** was found guilty in the Southern District of Texas of 8 U.S.C § 1325 for illegally entering the United States and again sentenced to 30 days' imprisonment.

9. On or about September 5, 2012, **PORTILLO-SARAVIA** was removed from the United States to El Salvador. On some unknown date before April 10, 2015, **PORTILLO-SARAVIA** knowingly illegally reentered the United States again.

10. On or about April 10, 2015, **PORTILLO-SARAVIA** was found in Sarita, Texas .

11. On April 28, 2015, **PORTILLO-SARAVIA** was removed from the United States to El Salvador. Sometime thereafter, **PORTILLO-SARAVIA** knowingly illegally reentered the United States.

12. On or about January 22, 2020, **PORTILLO-SARAVIA** was found in the District of Maryland by federal officials when Immigration and Customs Enforcement received notice that **PORTILLO-SARAVIA** was charged in Carroll County, Maryland, by local law enforcement. In February 2020, **PORTILLO-SARAVIA** pleaded guilty to distributing child pornography and was sentenced to 5 years' imprisonment with all but 18 months suspended. He was released from prison and taken into ICE custody in March 2021.

13. There is no record that **PORTILLO-SARAVIA** ever obtained permission to

reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## **CONCLUSION**

14.     Based on the foregoing, I respectfully submit that probable cause exists to believe that on or before January 22, 2020, **PORTILLO-SARAVIA**, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission into the United States as required by law.

_____
Deportation Officer Paulysha Spratley
Department of Homeland Security

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this _____9_____ day of April 2021.

_____
Honorable Thomas M. DiGirolamo
United States Magistrate Judge

4